UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

SHAWNTA L. WASHINGTON,

        Petitioner,

v.                                       Case No. 08-CV-238

UNITED STATES OF AMERICA,

        Respondent.
_____

## ORDER

On March 27, 2007, a grand jury sitting in this district returned a two-count indictment charging Shawnta Washington with firearm related offenses in violation of 18 U.S.C. §§ 922 and 924 (Count One) and drug related offenses in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count Two). On May 29, 2007, Washington pled guilty to Count One of the indictment, and on September 12, 2007, this court sentenced Washington to a 60-month term of imprisonment to be followed by a three-year term of supervised release. The court also imposed a special assessment in the amount of $100.00. Washington appealed to the Seventh Circuit Court of Appeals, which dismissed the appeal on March 10, 2008.[1]

On April 18, 2008, Washington filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the current federal sentence he is serving. Washington accompanied his petition with a motion to proceed *in forma pauperis* in his § 2255

---

[1] The Seventh Circuit dismissed Washington's appeal pursuant to an *Anders* brief filed by his appellate counsel, in which counsel asserted that the appeal presented no non-frivolous issues. *See Anders v. California*, 386 U.S. 738 (1967).

action. Generally, a litigant must pay a filing fee for an action in federal court. However, for a § 2255 proceeding, a petitioner is not required to submit the filing fee because such a petition is not viewed as an independent action, it is viewed as a "continuation of the criminal case whose judgment is under attack." *See* 28 U.S.C. § 2255, Rules Governing § 2255 Proceedings, Rule 3 Advisory Committee Notes. Accordingly, Washington's motion to proceed *in forma pauperis* is denied as moot.

Pursuant to Rule 4 of the Rules Governing § 2255 proceedings, the court must screen Washington's petition to determine if he states a claim upon which § 2255 relief could be granted.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading. . . .

Rule 4, Rules Governing § 2255 Proceedings.

Relief under § 2255 is appropriate if a petitioner can show that there are errors in his conviction or sentence that are "jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted). If a petitioner does not raise an argument on direct appeal, he cannot first present the issue on collateral review "absent a showing of cause 'for the failure to advance the argument sooner and some showing of actual prejudice resulting from the

alleged constitutional violation.'" *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

Washington seeks relief on several grounds, many of which are inappropriately brought in a § 2255 petition. First, Washington argues that the criminal history score was incorrectly calculated. Second, Washington argues that the four-level enhancement assessed by the court was incorrect, and he includes with this ground a claim for ineffective assistance of counsel and argues that his trial attorney did not vigorously defend this issue. At grounds three, four and five, Washington makes the following claims: (1) he relied, to his detriment, on signs in the federal building stating that he would receive concurrent credit for state and federal time that he is serving; (2) that the 5K1.1 motion for a downward departure filed by the government and granted by the court at sentencing was not representative of the cooperation he has done; and (3) that the court failed to address his needs for drug and alcohol counseling. These final three grounds do not attack the conviction or sentence on constitutional grounds, and are outside the purview of a § 2255 claim. They will be summarily dismissed, and Washington is advised that these issues would be more appropriately presented to the Bureau of Prisons, the United States Attorney's Office, or the United States Probation Office.

Washington first argues that his criminal history score was incorrectly calculated and argues that a municipal citation for assault and battery should not have been included in his criminal history score, and he further argues that his attorney was ineffective for failing to challenge the calculation. During Washington's

sentencing hearing, the court found that his total criminal history point score was 7, which correlated with a criminal history category of IV. The single point Washington references in his petition was assessed pursuant to U.S.S.G. §§ 4A1.1(c) and 4A1.2(e)(2). Washington argues this point should not apply because "there's neither a 30 or 60 days available that would warrant any points," and because he was unaware that a citation was ever issued. (Washington's Pet. 9.) Washington's argument is without merit. Under Section 4A1.1(c), one point is added, "for each prior sentence not counted in [4A1.1(a) or 4A1.1(b)], up to a total of four points for this item." *Id.* Furthermore, pursuant to § 4A1.2(c), "sentences for misdemeanor and petty offenses are counted." It is irrelevant that Washington did not receive a term of imprisonment of at least 30 days because assault and battery is not one of the listed excepted offenses in § 4A1.2(c)(1) where the offense only counts if a sentence of at least 30 days was imposed. *See id.* Accordingly, there was no error in the court's calculation of Washington's criminal history score.

Washington's other attack relating to the calculation of his offense level is similarly without merit. He states that the four-level enhancement that was applied as a specific offense characteristic owing to his possession of a firearm in connection with another felony offense (distribution of marijuana) was in error. Application Note 14 to U.S.S.G. § 2K2.1 is instructive on this issue to demonstrate that Washington's position is incorrect. Note 14 states that for this enhancement to apply, a defendant must possess a firearm "in connection with" another felony offense. This means that if the firearm "facilitated, or had the potential of facilitating,"

-4-

another felony offense, the four-level enhancement is appropriate. Clearly, the Sentencing Guidelines do not require that the government prove that a firearm was actually used in the felony offense, it is only necessary to show that it had the potential to do so. *See id.* Washington's criminal history score and total offense level were accurately calculated, and his sentence may not be altered or set-aside on these grounds.

Washington also argues that he suffered ineffective assistance of counsel because his trial attorney failed to challenge these calculations. When arguing a Sixth Amendment violation based upon ineffective assistance of counsel, a § 2255 petitioner bears a substantial burden of demonstrating: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that he was prejudiced because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 695 (1984). The court's review is "highly deferential" to the attorney, "with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

Because there was no factual or legal basis to challenge the calculations, Washington is unable to demonstrate that his attorney's failure to challenge the calculations fell below an objective standard of reasonableness, and he is also unable to demonstrate any prejudice. Furthermore, in reference to the four-level enhancement, Washington's attorney *did* file objections to its application and raised

them again at his sentencing hearing. This court duly noted the objections, but ruled on the record that it was "clearly, and quite unmistakably" obvious that the four-level enhancement applied to Washington's case. (*See* September 12, 2007 Sentencing Tr. 10.) Washington is unable to meet either *Strickland* prong, and his ineffective assistance of counsel claims must also be summarily dismissed.

As a final matter, Washington has also moved for appointed counsel to represent him in his petition. 18 U.S.C. § 3006A(g) allows for the appointment of counsel for a litigant seeking relief under §§ 2241, 2254, or 2255 when "the interests of justice so require and such person is financially unable to obtain representation." However, Washington has failed to state any viable claims, and there is no reason for the court to believe that an attorney would find any meritable claims on which to continue. Moreover, the legal issues presented in his petition are not very complex, and there is no reason for the court to believe that outside investigation, either factually or legally, is necessary. Therefore, even if the court were not dismissing this action, appointment of counsel is not necessary under the circumstances of this case.

Accordingly,

**IT IS ORDERED** that Washington's petition under 28 U.S.C. § 2255 (Docket #1) be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that Washington's motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED** as moot;

-6-
Case 2:08-cv-00328-JPS   Filed 04/30/08   Page 6 of 7   Document 4

**IT IS FURTHER ORDERED** that Washington's motion for the appointment of counsel (Docket #3) be and the same is hereby **DENIED** as moot.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge